UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LARRY HARRISON,

        Plaintiff,

                                        CASE NO. 2:07-CV-11412
v.                                      JUDGE ROBERT H. CLELAND
                                        MAGISTRATE JUDGE PAUL J. KOMIVES

SHERRY BURT, et al.,

        Defendants.
_____/


MEMORANDUM ORDER CONSTRUING PLAINTIFF'S SUPPLEMENTAL PLEADING
(docket #39) AS A MOTION FOR LEAVE TO SUPPLEMENT AND DENYING
PLAINTIFF'S MOTION WITHOUT PREJUDICE

       This matter is before the Court on plaintiff's amended and supplemental pleading, filed on February 7, 2008 (docket #39). Because a responsive pleading had been filed by defendants prior to plaintiff's supplemental pleading, plaintiff cannot amend his complaint as of right but must be granted leave to do so. *See* FED. R. CIV. P. 15(a). Accordingly, plaintiff's supplemental pleading will be construed as a motion for leave to amend. So construed, plaintiff's motion will be denied.

       Rule 15(d) provides that "[u]pon motion of a party the court may . . . permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." FED. R. CIV. P. 15(d). As the plain language of the rule indicates, "supplemental pleadings, not amended pleadings, are intended to cover matters occurring after the original complaint was filed." *United States ex rel. Kinney v. Stoltz*, 327 F.3d 671, 673 n.4 (8th Cir. 2003); *see also*, *United States v. Hicks*, 283 F.3d 380, 385

1

(D.C. Cir. 2002); *Flaherty v. Lang*, 199 F.3d 607, 614 n.3 (2d Cir. 1999). The standard for granting leave to supplement under Rule 15(d) is identical to the standard governing leave to amend under Rule 15(a). *See Spies v. Voinovich*, 48 Fed. Appx. 520, 527 (6th Cir. 2002) (citing *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996)).

Ordinarily, leave to amend a complaint or other pleading "shall be freely granted when justice so requires." FED. R. CIV. P. 15(a). Generally, courts have shown "a strong liberality . . . in allowing amendments under Rule 15(a)." *Tahir Erk v. Glenn L. Martin Co.*, 116 F.2d 865 (4th Cir. 1941). As the Supreme Court has stated:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, "[w]hen there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is abuse of discretion to deny [the] motion." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981). In short, courts should construe liberally Rule 15(a) in favor of permitting amendment. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 522 (6th Cir. 1999); *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

Nevertheless, as *Foman* makes clear there are certain situations in which it is appropriate to deny leave to amend. One such circumstance is when amendment would be "futil[e]." *Foman*, 371

U.S. at 182; *see also*, *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003). Amendment is futile when the proposed amendment is subject to dismissal under Rule 12(b)(6), that is, when the proposed amendment fails to state a claim upon which relief may be granted. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 307 (6th Cir. 2000); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). When, as is the case here, the motion to amend is made in response to a motion for summary judgment, the Court may properly look to the affidavits and other evidence in the record. In such a case, "[f]aced with the affidavits and documentary evidence filed by the defendants in support of summary judgment, the Court cannot assess the proposed amended complaint as if that evidence does not exist." *Smith v. Chrysler Corp.*, 938 F. Supp. 1406, 1414 (S.D. Ind. 1996). In such a case, the proposed amended complaint is futile under Rule 15(a) not only if it would fail to survive a motion to dismiss for failure to state a claim, but also if the amended pleading could not survive a previously filed motion for summary judgment. *See Bauchman v. West High Sch.*, 132 F.3d 542, 561-62 (10th Cir. 1997); *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989); *Smith*, 938 F. Supp. at 1414.

On this date, I have filed a Report recommending that the Court grant defendants' motions for summary judgment. Most of the claims raised in plaintiff's supplemental pleading are identical to the claims raised in his original complaint but relate to the actions of officials at the Mound Correctional Facility, where he is now incarcerated. As explained in the Report, defendant's placement in a Level IV cell, rather than in a cell at his true security rating of Level II, in order to accommodate plaintiff's single-cell need does not state a constitutional violation. Thus, for the reasons explained in the Report, allowing plaintiff to supplement his complaint to add these claims

would be futile. Further, for the reasons explained in connection with plaintiff's retaliation claims, plaintiff's allegations that he was subjected to verbal harassment do not state a claim of a constitutional violation.

Accordingly, it is ORDERED that plaintiff's amended and supplemental pleading, construed as a motion for leave to supplement the complaint, is hereby DENIED WITHOUT PREJUDICE to petitioner again seeking leave to supplement if the Court should reject my Report and deny defendants' motions for summary judgment. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


                                          s/Paul J. Komives
                                          PAUL J. KOMIVES
                                          UNITED STATES MAGISTRATE JUDGE

Dated: 8/28/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 28, 2008.
>
>                               s/Eddrey Butts
>                               Case Manager