UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HARRISON,

    Plaintiff,

v.

SHERRY BURT, et al.,

    Defendants.
    _____/

CASE NO. 2:07-CV-11412
JUDGE ROBERT H. CLELAND
MAGISTRATE JUDGE PAUL J. KOMIVES

MEMORANDUM ORDER DENYING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT (docket #43)

This matter is before the Court on plaintiff's motion for default judgment, filed on May 12, 2008. In his motion, plaintiff seeks entry of default judgment against defendant David Komjathy. Plaintiff seeks default judgment based on defendant Komjathy's failure to answer the complaint or otherwise appear. For the reasons that follow, plaintiff's motion will be denied.

Although Rule 12(b)(1) requires a defendant to file a responsive pleading, "[b]efore a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Thus, "[o]nly a court that has jurisdiction over the defendant may require that the defendant state its substantive position in the litigation." *Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995). Further, actual notice of the litigation is insufficient to permit a court to exercise jurisdiction over a defendant; rather, compliance with the requirements of Rule 4 must be shown. *See Mid-Continental Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). "Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.2 (D. Kan. 2008); *see also*, *Geter v.*

*Horning Bros. Mgmt.*, 502 F. Supp. 2d 69, 70 (D.D.C. 2007); *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006).

Here, the Marshal mailed a request for waiver of service of summons to defendant Komjathy at the Jackson Correctional Facility on September 19, 2007. That waiver, however, was returned to the Court unexecuted on October 5, 2007. No other entry on the Court's docket suggests that defendant Komjathy has been properly served or waived service of process in accordance with Rule 4.

Accordingly, it is ORDERED that plaintiff's motion for entry of default judgment is hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 8/28/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 28, 2008.
>
> s/Eddrey Butts
> Case Manager