UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HARRISON,

    Plaintiff,

  v.

SHERRY BURT, et al.,

    Defendants.
                                /

CASE NO. 2:07-CV-11412
JUDGE ROBERT H. CLELAND
MAGISTRATE JUDGE PAUL J. KOMIVES

MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE (docket #42)

This matter is before the Court on plaintiff's motion to exclude, filed on May 12, 2008. In his motion, plaintiff seeks an order disqualifying the Michigan Attorney General from representing defendants in this case. Petitioner argues that because he alleges that defendants violated his constitutional rights, representation by the Attorney General would violate the oath taken by Assistant Attorneys General to defend the Constitution, as well as MDOC policy directives. For the reasons that follow, plaintiff's motion will be denied.

Whether defendants are entitled to representation by the Michigan Attorney General is a matter of both state law and the contract between the State and its employees. *Cf. Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). Absent an independent basis upon which to disqualify the Attorney General applicable to all attorneys, such as a conflict of interest, this Court has no power to prevent the Attorney General from representing defendants and plaintiff has no standing to challenge that representation. *See O'Connor v. Jones*, 946 F.2d 1395, 1399-1400 (8th Cir. 1991); *Manchester v.*

*Rzewinicki*, 777 F. Supp. 319, 325, 328 (D. Del. 1991), *aff'd*, 958 F.2d 364 (3d Cir. 1992) (unpub.); 7 AM. JUR. 2D *Attorney General* § 24 (1997) ("It is generally acknowledged that the attorney general is the proper party to determine the necessity and advisability . . . of defending actions against the state or its officials[.]"). The mere allegation that defendants violated plaintiff's constitutional and statutory rights does not establish a conflict of interest.

Accordingly, it is ORDERED that plaintiff's motion to exclude is hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 8/28/08

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 28, 2008.

s/Eddrey Butts  
Case Manager