UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HARRISON,

    Plaintiff,

v.

SHERRY BURT, et al.,

    Defendants.
                               /

CASE NO. 2:07-CV-11412
JUDGE ROBERT H. CLELAND
MAGISTRATE JUDGE PAUL J. KOMIVES

## MEMORANDUM ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY (docket #32)

This matter is before the Court on defendants' motion to stay discovery, filed on January 14, 2008. Plaintiff has not filed a response to the motion. On this date, I have filed a Report recommending that the Court grant defendants' motions for summary judgment. For the reasons that follow, defendants' motion to stay discovery will be granted.

In their motions for summary judgment, defendants argue that they are entitled to qualified immunity because plaintiff's allegations and evidence do not establish the violation of a constitutional right. As the Sixth Circuit has explained:

> The purpose of a qualified immunity defense is not only protection from civil damages but protection from the rigors of litigation itself, including the potential disruptiveness of discovery. *See Pierson v. Ray*, 386 U.S. 547 (1967); *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). In fact, the Court in *Anderson v. Creighton* emphasized that "[o]ne of the purposes of the Harlow qualified immunity standard is to protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective government.' " *Anderson v. Creighton*, 483 U.S. 635, 646 (1987) (quoting *Harlow*, 457 U.S. at 817). . . .
> This Court has held on multiple prior occasions that, when faced with a motion based on qualified immunity, a district court can not avoid ruling on the issue. *See e.g.*, *Skousen v. Brighton High School*, 305 F.3d 520 (6th Cir.2002). In the case of *Skousen v. Brighton High School*, we concluded that a district court committed legal error in dismissing a motion for summary judgement based on

qualified immunity solely because discovery was not complete. See *Skousen*, 305 F.3d 520 (6th Cir.2002). We held that, because the defense of qualified immunity is a threshold question, if the defense is properly raised prior to discovery, the district court has a duty to address it. *Id*.

> Rather than dismiss the [summary judgment] motion because discovery was not complete, the district court was required to determine-prior to permitting further discovery-whether [Plaintiff's] complaint alleged the violation of a constitutional right at all, and if so, whether that right was clearly established at the time of the alleged violation.

*Id*. at 527. Only after the court inquires into whether any facts material to Plaintiff's claims are genuinely at issue, and only upon a finding that material facts are in fact in dispute is a court at liberty to hold a motion for summary judgment in abeyance pending additional discovery. *Id*.

*Summers v. Leis*, 368 F.3d 881, 886-87 (6th Cir. 2004).

Here, defendants have asserted a qualified immunity defense, which would protect them not only from damages, but from the time and expense of suit. Plaintiff does not argue, either in response to defendants' motion to stay or in response to their motions for summary judgment, that further discovery is needed before the Court can rule on the threshold issue. Nor has he filed an affidavit pursuant to Rule 56(f) detailing the need for further discovery. *See Short v. Oaks Correctional Facility*, 129 Fed. Appx. 278, 281-82 (6th Cir. 2005); *Summers*, 368 F.3d at 887.

Accordingly, it is ORDERED that defendants' motion to stay discovery is hereby GRANTED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

                                                             s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 8/28/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 28, 2008.
>
> s/Eddrey Butts
> Case Manager